# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**CRYSTAL MARTIN**, **JESSICA JONES**,
**SUZETTE REYNOLDS**, and
**RENEE VAN HOOK**,

Case No.

Hon.

Plaintiffs,

v

**LINCOR EATERY, INC.**,
**SAGANO OF BRIGHTON, INC.**,
**SAGANO OF CLARKSTON, INC.**,
and **SAGANO PROPERTIES, LLC**,
Jointly and Severally,

Defendants.

---

**MILLER COHEN, P.L.C.**
Bruce A. Miller (P17746)
Keith D. Flynn (P74192)
Adam M. Taub (P78334)
*Attorneys for Plaintiff*
600 W. Lafayette Blvd., 4th Floor
Detroit, MI 48226
(313) 964-4454 Phone
(313) 964-4490 Fax
kflynn@millercohen.com
adamtaub@millercohen.com

---

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

There is no other pending or resolved civil action arising
out of the transactions or occurrences alleged in this
Compliant.

**NOW COME** Plaintiffs, **CRYSTAL MARTIN**, **JESSICA JONES**, **SUZETTE REYNOLDS**, and **RENEE VAN HOOK**, on behalf of themselves and all similarly situated persons, known or unknown, by and through their attorneys, **MILLER COHEN, P.L.C.**, and for their Complaint against Defendants, **LINCOR EATERY, INC.**, **SAGANO OF BRIGHTON, INC.**, **SAGANO OF CLARKSTON, INC.**, and **SAGANO PROPERTIES, LLC**, state as follows:

## INTRODUCTION

This is a civil action brought on behalf of individuals who are or were employed by Defendants Lincor Eatery, Inc., Sagano of Brighton, Inc., Sagano of Clarkston, Inc., and Sagano Properties, LLC (referred to collectively as "Sagano" or "Defendants") as Servers. In violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Michigan Workforce Opportunity Wage Act ("MWOWA"), M.C.L. § 408.411, *et seq.*, Defendants engage in illegal use of a tip credit and tip-pooling depriving Plaintiffs and similarly situated employees, known or unknown, of fair compensation for their labor.

Defendants have a policy of using a tip credit to pay their Servers less than the minimum hourly wage. Defendants fail to comply with the FLSA and MWOWA provisions allowing for the use of a tip credit by not providing notice of the tip credit to their employees and engaging in tip-pooling practices that invalidate the use of the tip credit. Defendants have a policy at each of their four locations to share the

tips of their Servers. Three percent of the tips of each Server goes to the Busboys. Defendants calculate five percent of each Server's total alcohol sales and distribute that amount to the Bartenders. Half of the remainder goes to the Chefs. At certain locations, Servers have even more of their tip deducted based on seniority.

This set-up violates the FLSA and MWOWA in several ways. First, Defendants provide no notice to their employees that they use a tip credit; they simply pay their employees an hourly cash wage less than the minimum hourly wage without explaining that their tips are meant to cover the difference. Second, on information and belief, Defendants fail to pay the difference between the Servers' hourly cash wages and the minimum hourly wage when tips are insufficient to cover the difference. Third, the tip-pool pays employees who do not customarily or regularly receive tips, including managers. Finally, the contribution amounts are not customary or reasonable as more than half of Servers' tips are contributed to the pool.

Therefore, Plaintiffs now bring this FLSA collective action and class action under MWOWA on behalf of a class of similarly situated individuals, known and unknown, who were employed by Defendants as Servers. They seek all available remedies under the law.

## PARTIES

1.      Plaintiff Crystal Martin is a resident of Riverview, Michigan who was hired by Defendants as a Server from about July 2014 through October 2014 at Defendants' location in Brighton, Michigan. In or about October 2014, Ms. Martin was promoted to Assistant Manager and continued occasionally performing the duties of a Server at the Brighton and Flint, Michigan locations as needed. She then became Manager of the Brighton location in or about July 2015 until she was terminated on or about December 1, 2016.

2.      Plaintiff Jessica Jones is a resident of Brighton, Michigan who was hired by Defendants as a Server at Defendants' location in Brighton, Michigan from about February 2014 through November 2016.

3.      Plaintiff Suzette Reynolds is a resident of Howell, Michigan who was hired by Defendants as a Server at Defendants' location in Brighton, Michigan in or about August 2013. She is still employed by Defendants.

4.      Plaintiff Renee Van Hook is a resident of Brighton, Michigan who was hired by Defendants as a Server at Defendants' location in Brighton, Michigan in or about April or May 2016 through February 2017.

5.      Defendant Lincor Eatery, Inc. is a company with its registered business address in Flint, Michigan.

6.     Defendant Sagano of Brighton, Inc. is a company with its registered business address in Flint, Michigan.

7.     Defendant Sagano of Clarkston, Inc. is a company with its registered business address in Flint, Michigan.

8.     Defendant Sagano Properties, LLC is a limited liability company with its registered business address in Flint, Michigan.

9.     Defendants Lincor Eatery, Inc., Sagano of Brighton, Inc., Sagano of Clarkston, Inc., and Sagano Properties, LLC are collectively referred to herein as "Sagano." Upon information and belief, Sagano are or were joint employers of Plaintiffs and similarly situated employees, known or unknown, because they maintain sufficient control over the essential terms and conditions of their employment, including but not limited to having a common ownership, Human Resources Department, employment policies, and management structure. Sagano employs or employed Plaintiffs and similarly situated employees at locations in Flint, Michigan, Brighton, Michigan, Clarkston, Michigan, and Fenton, Michigan.

10.     Plaintiffs bring this action on their own behalf and on behalf of others similarly situated, including all individuals in the State of Michigan who may choose to opt-in to this action, who are or were employed by Defendants as Servers and who are or were subject to illegal use of a tip credit and tip-pooling under the Fair Labor

Standards Act ("FLSA") and Michigan Workforce Opportunity Wage Act ("MWOWA").

11.     Similarly situated individuals may choose to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.     This Court has general federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiffs bring their claim pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

13.     The Court also has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367. The pendant claim is part of the same case or controversy. It does not substantially predominate. It does not raise novel or complex issues. Therefore, exercise of jurisdiction is proper.

14.     Venue is proper in this Court because Sagano obligated itself to the Plaintiffs within Michigan, Sagano's registered business address is located within the Eastern District of Michigan, and Plaintiffs reside within the Eastern District of Michigan.

## STATEMENT OF FACTS

15.     Sagano is a chain of Japanese bistros with locations in Flint, Michigan, Brighton, Michigan, Clarkston, Michigan, and Fenton, Michigan.

16.     Defendants employed Plaintiffs and similarly situated employees, known and unknown, at each of these locations as Servers.

17.     Plaintiffs and similarly situated employees, known and unknown, had their income reported on a W-2 and paid through payroll.

18.     Defendants pay their Servers using a tip credit, meaning that the Servers are paid at an hourly cash rate less than the minimum hourly wage but supplement their incomes with tips covering the difference.

19.     Under the FLSA, the minimum cash wage for "tipped employees" is $2.13 per hour, and under the MWOWA, the minimum cash wage for "employees receiving a gratuity" is 38% of the minimum hourly wage rate established by the Act.

20.     The maximum allowable tip credit is the difference between the minimum cash wage and the minimum hourly wage.

21.     The FLSA and MWOWA list procedural requirements that employers must follow in order to properly use the tip credit.

22.     Defendants do not follow the procedural requirements in the FLSA and MWOWA to use the tip credit.

23.     Therefore, Defendants' use of the tip credit is invalid.

24.     Defendants provide no notice to their employees that they use a tip credit.

25.     Defendants do not have any written employment policies stating that they use a tip credit.

26.     Defendants do not have any notice postings of any kind anywhere in their bistros notifying employees that they use a tip credit.

27.     Defendants also use a tip-pool, meaning that they share the Server's tips among a pool of employees.

28.     Defendants include the Servers, Busboys, Bartenders, and Chefs in the tip-pool.

29.     Only the tips received by the Servers are shared among the members of the tip-pool.

30.     Three percent of the tips of each Server is split between the Busboys.

31.     Defendants calculate five percent of each Server's total alcohol sales and distribute that amount to the Bartenders.

32.     Half of the Servers' remaining tips are split between the Chefs.

33.     The Head Chef at each location shares in the Servers' tips.

34.     The Head Chef manages the kitchen, receives a salary, hires and fires and otherwise disciplines kitchen staff, and does not interact with customers.

35.     Other Chefs receiving a share of the Servers' tips do not interact with the customers and work only in the kitchen.

36.     Upon information and belief, the Chefs receiving a share of the Servers' tips that do interact with customers do not take orders, do not directly serve food to customers, and only plate dishes in front of customers.

37.     Upon information and belief, at all locations other than the Brighton location, Servers can have even more of their tip deducted based on seniority, where lower seniority Servers have some of their tips distributed to the higher seniority Servers.

38.     As a result, Servers receive less than half of the tips the customers leave for them.

39.     Upon information and belief, when the tips left for the Servers fail to amount to the minimum hourly wage, Defendants do not pay the Servers additional compensation to ensure that they made at least the minimum for each hour worked under the FLSA or MWOWA.

40.     Plaintiffs notified Defendants that these policies violate the FLSA and MWOWA, but Defendants did not modify *any* of these policies.

41.     On information and belief, Defendants followed, and continue to follow, the practices described above.

42.     Plaintiff Crystal Martin was hired by Defendants as a Server from about July 2014 through October 2014 at Defendants' location in Brighton, Michigan. In or about October 2014, Ms. Martin was promoted to Assistant Manager and

continued occasionally performing the duties of a Server at the Brighton and Flint, Michigan locations. She then became Manager of the Brighton location in or about July 2015 until she was terminated on or about December 1, 2016. Whenever Ms. Martin performed the duties of a Server at the Brighton and Flint locations, she was paid using a tip credit and was part of the tip-pool. As such, she was subjected to the tip credit and tip-pooling practices described above.

43.     Plaintiff Jessica Jones was hired by Defendants as a Server at Defendants' location in Brighton, Michigan from about February 2014 through November 2016. Throughout her employment, she was subjected to the tip credit and tip-pooling practices described above.

44.     Plaintiff Suzette Reynolds was hired by Defendants as a Server at Defendants' location in Brighton, Michigan in or about August 2013. She is still employed by Defendants. Throughout her employment and continuing through the present, she has been subjected to the tip credit and tip-pooling practices described above.

45.     Plaintiff Renee Van Hook was hired by Defendants as a Server at Defendants' location in Brighton, Michigan from about April or May 2016 through February 2017. Throughout her employment, she was subjected to the tip credit and tip-pooling practices described above.

46.     Defendants subject all Servers at each of their locations to the tip credit and tip-pooling practices described above.

47.     Defendants failed and continue to fail to adhere to the requirements for using tip credits and tip-pooling, resulting in Plaintiffs and similarly situated employees, known and unknown, being unfairly and illegally compensated for their labor under the FLSA and MWOWA.

## CLASS AND COLLECTIVE ACTION

48.     Plaintiffs incorporate by reference all preceding paragraphs.

49.     Count I is brought as collective actions under the FLSA, 29 U.S.C. § 216(b).

50.     A copy of Plaintiffs' consent to bring their claims for invalid use of a tip credit and tip-pooling under the FLSA as a representative action is attached hereto as *Exhibit A*.

51.     Count II is brought as a class action under the MWOWA.

52.     The representatives and those similarly situated have been equally affected by Defendants' invalid use of a tip credit and tip-pooling.

53.     Furthermore, those class members still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

54. The issues in this lawsuit present common questions of law and fact that predominate over any variations, if any, which may exist between individuals within the class.

55. The representatives, those similarly situated, and Defendants have a commonality of interest in the subject matter and remedy sought.

56. A collective action is appropriate because the Plaintiffs are "similarly situated."

57. The class of individuals on behalf of whom the named Plaintiffs bring this collective action are similarly situated because they have been or are employed in the same or similar positions as the individually named Plaintiffs by Defendants; all individuals were or are subject to the same or similar unlawful practices, policies, or plans as the individually named Plaintiffs; and their claims are based upon the same legal theory as those of the named Plaintiffs.

58. Defendants pay or paid Plaintiffs, and upon information and belief, other members of the class, using an invalid tip credit.

59. Defendants pay or paid Plaintiffs, and upon information and belief, other members of the class, using invalid tip-pooling practices.

60. A class action is appropriate because Plaintiffs meet the requirements of M.C.R. § 3.501(A).

61. The precise number of individuals in the class is known only to the Defendants, but the class is believed to include over 100 individuals. Joinder of all class members is impracticable.

62. There are questions of law and fact common to the class. The common questions include but are not limited to:

    a. Whether Defendants provide notice to their employees that they use a tip credit;

    b. Whether Defendants fail to pay the difference between the Servers' hourly cash wage and the minimum hourly wage when tips were insufficient to cover the difference;

    c. Whether Defendants' tip-pool pays employees who do not customarily or regularly receive tips, including managers;

    d. Whether the contribution amounts of the Servers are customary or reasonable as more than half of their tips are contributed to the pool; and

    e. Whether Plaintiffs are entitled to actual or liquidated damages and the other requested relief.

63. Plaintiffs' claims are typical of the class they seek to represent. Plaintiffs and the class work or have worked for Sagano and have been subjected to a pattern or practice of invalid use of a tip credit and tip-pooling. Defendants acted

and refused to act on grounds generally applicable to the class, which makes declaratory relief with respect to the class appropriate. These typical, common claims predominate over any questions affecting only individual class members.

64.     The representatives are able to fairly and adequately represent and protect the interests of those similarly situated. The named Plaintiffs have the same interests as do the other members of the class and they will vigorously prosecute these interests on behalf of the class.

65.     Plaintiffs' counsel is competent and experienced in complex class action employment litigation. Plaintiffs' counsel has handled numerous actions in federal courts, including collective actions under the FLSA.

66.     If individual actions were required to be brought by each injured or affected member of the class, the result would be a multiplicity of actions creating a hardship to those similarly situated, Defendants, and the resources of the Court.

67.     A class action is an appropriate method for fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

68.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The

members of the class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Many members of the class are unaware of their rights to prosecute these claims and lack the means or resources to secure legal assistance. The relative damages suffered by individual members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' actions. It is desirable that the claims be heard in this forum since Defendants are subject to the Court's jurisdiction, and the actions giving rise to claim occurred in this district.

69.     A class action can be managed without undue difficulty because Defendants have regularly committed the violations of which the Plaintiffs complain and Defendants are required to maintain detailed records concerning each class member.

## COUNT I VIOLATION OF THE FAIR LABOR STANDARDS ACT
## COLLECTIVE ACTION
### Invalid Use of Tip Credit and Tip-Pooling

70.     Plaintiffs incorporate by reference all preceding paragraphs.

71.     At all times relevant to this action, Plaintiffs and all similarly situated persons, known or unknown, were employees of Defendants within the meaning of the Fair Labor Standards Act, ("FLSA") 29 U.S.C. § 201, *et seq*.

72.     At all times relevant to this action, Defendants were the employer(s) of Plaintiffs and all similarly situated persons, known or unknown, within the meaning of the FLSA, 29 U.S.C. § 201, *et seq.*

73.     Defendants knowingly, intentionally, and willfully failed to meet the requirements for use of a tip credit under the FLSA, 29 U.S.C. § 203(m).

74.     In violation of the FLSA, 29 U.S.C. § 203(m)(2), Defendants fail to provide notice to Plaintiffs and all similarly situated persons, known or unknown, that they use a tip credit, allowing them to pay tipped workers less than the minimum hourly wage.

75.     Upon information and belief, in violation of the FLSA, 29 U.S.C. § 203(m)(2), Defendants fail to pay the difference between the Plaintiffs' and all similarly situated persons', known or unknown, hourly cash wages and the minimum hourly wage when tips are insufficient to cover the difference.

76.     Defendants knowingly, intentionally and willfully failed to comply with the FLSA, 29 U.S.C. § 203(m)(2), in its tip-pooling practices.

77.     In violation of the FLSA and its regulations, 29 U.S.C. § 203(m)(2); 29 C.F.R. § 531.51; 29 C.F.R. § 531.54; 29 C.F.R. § 531.59, Defendants:

      a.  Pay employees who do not customarily or regularly receive tips, including managers, tips from Plaintiffs and similarly situated employees, known and unknown, as part of the tip-pool;

b. Force Plaintiffs and similarly situated employees, known and unknown, to make contribution amounts to the tip-pool that are not customary or reasonable as more than half of their tips are contributed to the pool; and

c. Upon information belief, fail to pay the difference between the Plaintiffs' and all similarly situated persons', known or unknown, hourly cash wages and the minimum hourly wage when tips are insufficient to cover the difference after making deductions for the tip-pool.

78.    Defendants knowingly, intentionally and willfully failed to pay Plaintiffs properly under the FLSA provisions for tip credits and tip-pooling.

79.    Defendants had a pattern and practice of failing to properly follow the FLSA provisions for tip credits and tip-pooling for all of its Servers, as evidenced by the experiences of the named Plaintiffs and opt-ins.

80.    Defendants' conduct invalidated their use of the tip credit, entitling Plaintiffs and similarly situated employees, known and unknown, to damages.

WHEREFORE, Plaintiffs and similarly situated employees, known and unknown, are entitled to an award of damages including but not limited to back pay for the difference between the minimum hourly wage and the hourly cash wages actually paid, restitution for all tips illegally retained through the invalid tip-pool,

compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, prejudgment interest, and other damages as allowed by law and equity.

## COUNT II VIOLATION OF THE MICHIGAN WORKFORCE OPPORTUNITY WAGE ACT
## CLASS ACTION
### Invalid Use of Tip Credit and Tip-Pooling

81.     Plaintiffs incorporate by reference all preceding paragraphs.

82.     At all times relevant to this action, Plaintiffs and all members of the class were employees of Defendants within the meaning of the Michigan Workforce Opportunity Wage Act ("MWOWA"), M.C.L. §§ 408.411, *et seq.*

83.     At all times relevant to this action, Defendants were the employer(s) of Plaintiffs and all members of the class within the meaning of the MWOWA, M.C.L. §§ 408.411, *et seq.*

84.     Defendants knowingly, intentionally, and willfully failed to meet the requirements for use of a tip credit under the MWOWA, M.C.L. § 408.414d.

85.     In violation of the MWOWA, M.C.L. § 408.414d, Defendants fail to provide notice to Plaintiffs and all members of the class that they use a tip credit, allowing them to pay tipped workers less than the minimum hourly wage.

86.     Upon information and belief, in violation of the MWOWA, M.C.L. § 408.414d, Defendants fail to pay the difference between the Plaintiffs' and all members of the class' hourly cash wages and the minimum hourly wage when tips are insufficient to cover the difference.

87.     Defendants knowingly, intentionally and willfully failed to comply with the MWOWA, M.C.L. § 408.414d, in its tip-pooling practices.

88.     In violation of the MWOWA, M.C.L. § 408.414d, Defendants:

a   Pay employees who do not customarily or regularly receive tips, including managers, tips from Plaintiffs and similarly situated employees, known and unknown, as part of the tip-pool;

b   Force Plaintiffs and members of the class to make contribution amounts to the tip-pool that are not customary or reasonable as more than half of their tips are contributed to the pool; and

c   Upon information and belief, fail to pay the difference between the Plaintiffs' and members of the class' hourly cash wages and the minimum hourly wage when tips are insufficient to cover the difference after making deductions for the tip-pool.

89.     Defendants knowingly, intentionally and willfully failed to pay Plaintiffs properly under the MWOWA provisions for tip credits.

90.     Defendants have a pattern and practice of failing to properly follow the MWOWA provisions for tip credits for all of its Servers, as evidenced by the experiences of the named Plaintiffs and class members.

91.     Defendants' conduct invalidated their use of the tip credit, entitling Plaintiffs and members of the class to damages.

WHEREFORE, Plaintiffs and members of the class are entitled to an award of damages including but not limited to back pay for the difference between the minimum hourly wage and the cash hourly wages actually paid, restitution for all tips illegally retained through the invalid tip-pool, compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, prejudgment interest and other damages as allowed by law and equity.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs **CRYSTAL MARTIN**, **JESSICA JONES**, **SUZETTE REYNOLDS**, and **RENEE VAN HOOK**, and on behalf of other persons similarly situated, known and unknown, request that this Court enter the following relief:

a. Permission for individuals throughout the State of Michigan who are currently employed or were employed by Defendants as Servers who were subjected to impermissible tip credit and tip-pooling practices, to opt-in to this action, pursuant to § 216(b) of the FLSA;

b. Certification of a class action for individuals throughout the State of Michigan who are currently employed or were employed by Defendants as Servers who were subjected to impermissible tip credit and tip-pooling practices pursuant to MCR 3.501;

c.  Back pay for the difference between the minimum hourly wage, under the FLSA and MWOWA, and the hourly cash wages actually paid;

d.  Restitution for all tips illegally retained through the invalid tip-pool;

e.  Liquidated and multiple damages as allowed by law, including double damages under the FLSA and MWOWA;

f.  Compensatory damages and punitive damages;

g.  An injunction prohibiting Defendants from further violations of the law as described here;

h.  Post-judgment assignment of attorneys' fees, costs, and interest; and

i.  Any other relief to which Plaintiffs may be entitled.

Respectfully submitted,

**MILLER COHEN, P.L.C.**

By:  /s/Keith D. Flynn
Bruce A. Miller (P17746)
Keith D. Flynn (P74192)
Adam M. Taub (P78334)
*Attorneys for Plaintiff*
600 W. Lafayette Blvd., 4th Floor
Detroit, MI  48226
(313) 964-4454 Phone
(313) 964-4490 Fax
kflynn@millercohen.com
adamtaub@millercohen.com

Dated: May 23, 2017

# UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

**CRYSTAL MARTIN**, **JESSICA JONES**,
**SUZETTE REYNOLDS**, and
**RENEE VAN HOOK**,

               Plaintiffs,

v

**LINCOR EATERY, INC.**,
**SAGANO OF BRIGHTON, INC.**,
**SAGANO OF CLARKSTON, INC.**,
and **SAGANO PROPERTIES, LLC**,
Jointly and Severally,

               Defendants.

Case No.

Hon.

---

MILLER COHEN, P.L.C.
Bruce A. Miller (P17746)
Keith D. Flynn (P74192)
Adam M. Taub (P78334)
*Attorneys for Plaintiff*
600 W. Lafayette Blvd., 4th Floor
Detroit, MI 48226
(313) 964-4454 Phone
(313) 964-4490 Fax
kflynn@millercohen.com
adamtaub@millercohen.com

---

## DEMAND FOR TRIAL BY JURY

    **NOW COME** Plaintiffs, **CRYSTAL MARTIN**, **JESSICA JONES**, **SUZETTE REYNOLDS**, and **RENEE VAN HOOK**, on behalf of themselves and all similarly situated persons, known or unknown, by and through their attorneys,

**MILLER COHEN, P.L.C.**, and hereby demand for a trial by jury, for all issues so triable.

Respectfully submitted,

**MILLER COHEN, P.L.C.**

By:  /s/Keith D. Flynn
Bruce A. Miller (P17746)
Keith D. Flynn (P74192)
Adam M. Taub (P78334)
*Attorneys for Plaintiff*
600 W. Lafayette Blvd., 4th Floor
Detroit, MI  48226
(313) 964-4454 Phone
(313) 964-4490 Fax
kflynn@millercohen.com
adamtaub@millercohen.com

Dated: May 23, 2017