UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRYSTAL MARTIN, JESSICA
JONES, SUZETTE REYNOLDS,
and RENEE VAN HOOK,

        Plaintiffs

v.

LINCOR EATERY, INC.,
SAGANO OF BRIGHTON, INC.,
SAGANO OF CLARKSTON,
INC., and SAGANO
PROPERTIES, LLC,

        Defendants.
_____/

Case No. 2:17-cv-11634
District Judge Marianne O. Battani
Magistrate Judge Anthony P. Patti

## OPINION AND ORDER REGARDING PLAINTIFFS' BILL OF ATTORNEY FEES (DE 53)

### A. Background

On May 23, 2017, Plaintiffs filed a complaint against their former employer, Defendant Sagano of Brighton, and three other employers, asserting claims under the Fair Labor Standards Act. (DE 1.) On May 24, 2018, Judge Battani entered a stipulated order to compel Defendants to respond to Plaintiffs' interrogatories and requests to produce, which stipulated that Defendants would respond to all of Plaintiffs' discovery requests by May 18, 2018. (DE 30.) On May 30, 2018, Plaintiffs filed a motion seeking sanctions up to and including default judgment,

1

and in the alternative to enforce the stipulated order to compel Defendants to respond to Plaintiffs' interrogatories and requests to produce. (DE 32). Defendants filed a response to this motion on June 4, 2018, asserting that the interrogatories have since been answered and 12 of 18 exhibits produced, but that six exhibits have been marked as confidential and cannot be produced without a protective order. (DE 34.)[1] Plaintiffs then filed a reply brief in support of their motion on June 21, 2018. (DE 43.)

Judge Battani referred Plaintiffs' motion for sanctions or to compel to me for hearing and determination. (DE 36.) I originally noticed a hearing for June 28, 2018, and the parties accordingly filed a statement of resolved/unresolved issues on June 25, 2018. (DEs 38-40, 44.) However, on June 26, 2018, Defendants filed what the Court construed to be an emergency motion to adjourn the hearing, explaining that one of their attorneys was in a trial that was expected to last for two weeks, but further explaining that there would be no trial on Monday, July 2 or Monday, July 9. (DE 46 at 9.) As such, I granted the motion to adjourn and renoticed the hearing for Monday, July 9 at 10 a.m. (DE 47 at 2, DE 48 at 1.) In addition to being contained within the order and the hearing notice, the date and time of the hearing was listed on the docket for this case.

---

[1] Defendants filed a motion for protective order, which was later withdrawn. (DEs 35, 45.) A Stipulated Protective Order was subsequently entered on June 27, 2018. (DE 50.)

On July 9, 2018 at 10 a.m., counsel for Plaintiffs appeared and, after waiting 28 minutes for defense counsel to appear, the Court held the hearing. (DE 54.) Despite the above-described notifications, neither of Defendants' attorneys of record appeared for the hearing (although attorney Michael W. Edmunds showed up at my chambers four hours after the scheduled time, apparently having mis-calendared the hearing for 2 p.m.).

On July 11, 2018, the Court entered an order granting Plaintiffs' May 30, 2018 motion (DE 32), as amended by the July 6, 2018 statement of resolved and unresolved issues (DE 51). (DE 52.) The Court ordered Defendants to serve written responses to certain interrogatories by July 23, 2018 and to produce certain responsive documents by July 13, 2018. (*Id.*) That Order also provided:

> Defendants' attorneys **SHALL** compensate Plaintiffs' counsel for "reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). No later than **Monday, July 16, 2018**, Plaintiffs **SHALL** file a bill of costs and attorney fees (from the time of drafting the May 30, 2018 motion through the July 9, 2018 hearing, including preparation of the bill of costs and attorney fees itself). Any objections to the bill of costs and attorney fees **SHALL** be filed no later than **Monday, July 24, 2018**. Within **fourteen (14) days** of the Court's determination on costs and attorney fees, Defendants' counsel **SHALL** fully compensate Miller Cohen, PLC.

(*Id.* at 3-4 (emphasis in original).) The Court also determined that sanctions were warranted in the amount of $1,500.00, payable to the Clerk of the Court, "for both the failure to abide by the Court's previous discovery order (DE 30) and counsel's failure to appear for a hearing which was rescheduled

3

at his own request." (*Id.* at 4.) The Court confirms that the $1,500.00 sanction was paid.

On July 16, 2018, Plaintiffs timely filed their bill of costs seeking an award of $14,676.50 in attorneys' fees, for 53.70 hours at a rate of $275/hour, and $0.00 in costs. (DE 53.) In other words, they seek in excess of a standard 40-hour work week's worth of time for pursuing a discovery motion. As Plato warned, "The excessive increase of anything causes a reaction in the opposite direction."

Defendants filed their objections to Plaintiffs' bill of costs on July 23, 2018, arguing that the bill of costs is "just obscene" and that it seeks compensation for time unrelated to the motion to compel, improperly includes block billing, and includes redundant and excessive time entries. (DE 55.) Defendants also argue that Plaintiffs' billing rate is too high and contend that the claimed amount should be reduced to $2,500.00 (10 hours at $250/hour or 12.5 hours at $200/hour). (DE 55.) For the reasons explained below, the Court largely agrees with both Plato and the defendants.

**B. Discussion**[2]

---

[2] Judge Battani issued an order of reference regarding Plaintiffs' bill of attorney fees, but that order was subsequently withdrawn because a separate referral was not necessary for me to address the bill of attorneys' fees arising from Plaintiffs' motion for sanctions and to compel, and a report and recommendation was likewise not necessary, as magistrate judges have authority under 28 U.S.C. § 636(b)(1)(A) to award costs and sanctions under Rule 37. *See Clark Constr.*

4

### 1. Rule 37

Rule 37 "provides generally for sanctions against parties or persons unjustifiably resisting discovery." Fed. R. Civ. P. 37, advisory committee notes to 1970 amendments. A district court has broad discretion with respect to the imposition of sanctions under this rule. *See Smith v. Botsford General Hosp.*, 419 F.3d 513, 517 (6th Cir. 1999). If an underlying discovery motion is granted, the applicable rule provides for payment only of "the movant's reasonable expenses incurred *in making the motion*, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). Further, Rule 37(b)(2)(C), which governs sanctions for failure to comply with a court order, provides for "reasonable expenses, including attorney's fees, *caused by the failure* [to comply with the court order]." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added). The Supreme Court has explained that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours *reasonably expended* on the litigation multiplied by a reasonably hourly rate," *i.e.*, the "lodestar method" of calculation. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (emphasis added); *see also Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005). The party requesting attorney's fees bears the burden of establishing that the number of hours and the hourly rate are reasonable. *Hensley*, 461 U.S. at 437.

---

*Group v. City of Memphis*, 229 F.R.D. 131, 137-38, 141-42 (W.D. Tenn. 2005). (See also DEs 56, 57.)

## 2. Reasonable hourly rate

"The primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (citation and internal quotation marks omitted). "Ordinarily, courts look to '[rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). "In order to determine the local market rate, the court should rely on a combination of its own expertise and judgment." *Stryker Corp. v. Prickett*, No. 1:14-cv-01000-RHB, 2016 WL 7048813, at *3 (W.D. Mich. Dec. 5, 2016) (citations omitted). The court may consider proof of rates charged in the community under similar circumstances, as well as opinion evidence of reasonable rates. *See Wells v. Corporate Accounts Receivable*, 683 F.Supp.2d 600, 602 (W.D. Mich. 2010). "The district court has broad discretion in determining a reasonable hourly rate for an attorney." *Northeast Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 715 (6th Cir. 2016).

Plaintiffs' counsel requests an hourly rate of $275 an hour for their work on Plaintiffs' motion for sanctions and to compel in this case. (DE 53 at 2.) They state that this rate is "the market rate that they are able to charge in arms-length

transactions" and is supported by the "Economics of Law Practice" distributed by the Michigan Bar Association that surveys hourly rates of attorneys practicing in Michigan. (*Id.*) Counsel for Defendants contends that the Bar Survey is just "an estimate" "based on a small, self-reporting group of attorneys," and states that he has been practicing law since 1996 and only charges an hourly rate of $250.00 in this matter. Defendants suggest that $200 per hour is a "more realistic" rate for Plaintiffs' counsel, who "are young." (DE 55 at 5.)

The Court notes that the $275 hourly rate Plaintiffs' counsel seek is at the higher end of the median and mean hourly rates set forth in the 2017 Economics of Law Practice Attorney Income and Billing Rate Summary Report released by the State Bar of Michigan for:

- attorneys in firms of 7-10 lawyers ($250 and $267);

- an associate (like Fisher) ($225 and $236) and senior associate (like Flynn) ($260 and $270);

- attorneys practicing in the City of Detroit ($250 and $286);

- attorneys with 11 to 15 years of service (like Fisher) ($250 and $275) and with 6-10 years of service (like Flynn) ($225 and $239); and

- attorneys practicing labor and employment law ($300 and $301).

(See DE 53-3.) The Court has reviewed Plaintiffs' application in detail, including counsels' affidavits, and Defendants' objections, and concludes that an hourly rate of $250 is a reasonable rate for counsel for Plaintiffs and "one that is adequately

7

compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *See Adcock-Ladd*, 227 F.3d at 349. This is the same billing rate counsel for Defendants represents that he charges in this matter, and it is in line with fees customarily charged in the Eastern District of Michigan for similar legal services. Accordingly, the Court will afford counsel for Plaintiffs a reasonable hourly rate of $250.00 per hour.

### 3. Hours reasonably expended

The next inquiry addresses the number of hours claimed. In determining whether the time spent on a matter constitutes a reasonable number of hours, the Court pays attention to whether cases are overstaffed and whether the hours expended were excessive, redundant, and unnecessary. *See Binta B. ex rel S.A. v. Gordon*, 710 F.3d 608, 627 (6th Cir. 2013) (hours that are "excessive, redundant, or otherwise unnecessary" are hours that are not "reasonably expended"). If an underlying discovery motion is granted, the applicable rule provides for payment only of "the movant's reasonable expenses incurred *in making the motion*, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). Further, Rule 37(b)(2)(C) provides for "reasonable expenses, including attorney's fees, *caused by the failure* [to comply with the court order]." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added). Accordingly, extrajudicial efforts, such as review of discovery produced or communications between counsel about the discovery

requests underlying the motion to compel, are not generally a recoverable expense. *See Skurka Aerospace, Inc. v. Eaton Aerospace, L.L.C.*, No. 1:08 CV 1565, 2013 WL 12131141, at *4 (N.D. Ohio Aug. 23, 2013) ("[O]n these facts[,] extrajudicial efforts to resolve the discovery dispute, including correspondence with opposing counsel, should be excluded from compensable time.") (citing *Foxley Cattle Co. v. Grain Dealers Mut. Ins. Co.*, 142 F.R.D. 677, 681 (S.D. Iowa 1992)); *Manning v. Soo Line Railroad Co.*, No. 16-CV-1011-LTS, 2017 WL 811903, at *2 (N.D. Iowa Mar. 1, 2017) ("The court declines to award fees for work that Defendant's counsel had to perform under its meet-and-confer obligations, such as reviewing discovery and communicating with opposing counsel" because "these efforts would have been required regardless of whether Defendant[] had to file a motion to compel.") (citation and internal quotation marks omitted).

### a. Time "associated with this motion"

Here, Plaintiffs seek to be reimbursed for 53.7 hours—8.3 hours for Keith Flynn and 45.4 hours for Jeremy Fisher. Based on a review of the time sheets submitted by Plaintiffs counsel, they appear to seek, specifically with regard to their motion, to be reimbursed for approximately:

- **23 hours** (over one hour per page) to research, draft and revise: the eight-page motion to compel and for sanctions (with an additional 153 pages of exhibits) (DE 32); the six-page reply brief (DE 43); and, the joint statement and amended joint statement of resolved and unresolved issues, which were 15 pages combined, roughly half of which were Defendants' contribution (DEs 44, 51);

9

- **2.5 hours** to prepare for, travel to and attend the July 9, 2018 hearing in this matter; and

- **1.5 hours** to draft the bill of costs (DE 53-4).[3]

In total, Plaintiffs seek to be reimbursed for approximately 27 hours for time spent purportedly related to their motion for sanctions and to compel. The Court finds the number of hours sought is grossly excessive considering the relative simplicity of the motion.

While Plaintiffs' requests for 1.5 hours to draft the bill of costs and 2.5 hours to prepare for, travel to and attend the hearing are considered reasonable, the Court finds that the remainder of the time requested is simply not reasonable. Specifically, 23 hours is an excessive amount of time to draft and revise the straightforward motion at issue, reply brief, joint statement and amended joint statement, given that the eight-page motion did not contain any novel or complex legal issues or require exceptional skill (even though it contained 12 exhibits). Instead, as Defendants stated, the issue was simple and straightforward: the parties

---

[3] I note that these hours are "approximate" because counsel for Plaintiffs used block billing for many entries, combining several tasks in one entry, making it difficult if not impossible for the Court to assign time for particular tasks and thus to determine whether time spent on any one task was reasonable. Block billing is generally acceptable "so long as the description of the work performed is adequate." *Smith v. Service Master Corp.*, 592 F. App'x 363, 371 (6th Cir. 2014). However, courts have cut fee requests when block billing makes it difficult to determine if the request was reasonable. *See, e.g., Gibson v. Scott*, No. 2:12-cv-1128, 2014 WL 661716, at *5-7 (S.D. Ohio Feb. 19, 2014) (cutting fee request by 70% because of block billing and other billing deficiencies).

agreed to an order compelling overdue answers, and the answers were not provided on time. Accordingly, the Court will reduce this time and allow 11.5 hours for drafting the motion, reply brief and joint statements in this matter (a 50% reduction). *See Auto Alliance Int'l, Inc. v. United States Customs Serv.*, 155 F. App'x 226, 228 (6th Cir. 2005) (recognizing "the propriety of an across the board reduction based on excessive or duplicative hours"); *Myers v. SSC Westland Operating Co.*, No. 13-14459, 2015 WL 3915797, at *4-5 (E.D. Mich. June 25, 2015) (awarding fees based on only 25% of the actual time spent on the matter according to the plaintiff's counsel because of excessive and duplicative hours).

Thus, the total allowed compensable time related to the motion for sanctions and to compel, including time spent attending the hearing and drafting the bill of costs, is 15.5 hours.

### b. Unrelated time

The remainder of the time sought by Plaintiffs appears unrelated to the motion and hearing at issue and thus is not compensable. Plaintiffs were expressly instructed, both at the hearing and again in the Court's Order, that they were only entitled to costs and attorney's fees "associated with this motion," specifically including time "with respect to drafting, with respect to travel, with respect to being [in court] today, [and] with respect to complying with the Court's requirements regarding [the] joint statement[.]" (See DE 54 at 12.) In addition to

the claimed 27 hours relating to the motion for sanctions and to compel discussed above, Plaintiffs also seek compensation for an approximately 26 additional hours for unrelated time entries such as: "[r]eview[ing] status of discovery;" emails regarding a "protective order," "discovery" or "settlement discussion;" researching and drafting a response to Defendants' motion for protective order; reviews of documents; "discussion" of and strategy regarding the case; and, conferences with the client. (*See* DE 53-4.)[4] These remaining time entries constitute extrajudicial efforts Plaintiffs' counsel would have incurred regardless of the motion for sanctions and to compel and are not compensable under Rule 37(a)(5). *See Uszak v. Yellow Transp., Inc.*, No. 1:06 CV 837, 2007 WL 2085403, at *8 (N.D. Ohio July 13, 2007) (finding that a party "is not entitled to fees for counsels' preliminary discovery-related work including good faith attempts at resolving a discovery dispute such as correspondence with opposing counsel or efforts to resolve the

---

[4] As I noted *supra* in fn.3, Plaintiffs used block billing for many time entries, combining several tasks in one entry, making it difficult if not impossible for the Court to assign time for discrete tasks. (*See, e.g.,* DE 53-4 (the time entry on June 7, 2018 seeks .50 hours for "Reviewed e-mail from opposing counsel withdrawing from settlement discussions. Reviewed outstanding discovery issues re: Motion for Sanctions" and the time entry and on June 18, 2018 seeks 1.00 hours for "Reviewed and revised response re: Motion for Protective Order. Reviewed outline of Reply Brief for Motion for Sanctions. Strategized with Jeremy Fisher.") It is reasonable to cut fee requests when block billing makes it difficult to determine if the request was reasonable. *See, e.g., Gibson* No. 2:12-cv-1128, 2014 WL 661716, at *5-7 (cutting fee request by 70% because of block billing and other billing deficiencies). In any event, as explained *supra*, I find that 15.5 hours is reasonable compensable time related to Plaintiffs' motion to compel and for sanctions.

discovery issue informally"), *report and recommendation adopted*, 2008 WL 2884133 (N.D. Ohio July 21, 2008), *aff'd in part*, 343 F. App'x 102, 108 (6th Cir. 2009) (finding no abuse of discretion but not explicitly addressing the issue); *see also Myers*, 2015 WL 3915797, at *5 (noting that plaintiff "is only entitled to fees 'incurred in making the motion,'" and thus "the nine hours related to the stipulated order, the status conference, and non-motion-related telephone calls or emails are not recoverable"). The Court declines to award fees for work unrelated to the actual preparation of the motion for sanctions and to compel.

### C. Order

Accordingly, the Court awards Plaintiffs their costs and fees for 15.5 hours, at a rate of $250/hour, in the total amount of **$ 3875.00**. Within fourteen (14) days of the date of this Order, Defendants' counsel shall reimburse Miller Cohen, P.L.C. in the amount of **$ 3875.00**.

**IT IS SO ORDERED.**

Dated: September 28, 2018         s/*Anthony P. Patti*
                                  Anthony P. Patti
                                  UNITED STATES MAGISTRATE JUDGE

## **Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on September 28, 2018, electronically and/or by U.S. Mail.

s/Brianna Garant<br>
Relief Case Manager for the<br>
Honorable Anthony P. Patti