## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

**CRYSTAL MARTIN,**
**JESSICA JONES,**

Case No: 5:17-cv-11634-JEL-APP

**SUZETTE REYNOLDS,**
**and RENEE VAN HOOK**,

Hon. Judith E. Levy
Mag. Judge: Anthony P. Patti

Plaintiffs,

v.

**LINCOR EATERY, INC.,**
**SAGANO OF BRIGHTON,  INC.,**
**SAGANO OF CLARKSTON, INC.,**
**SAGANO OF FENTON and SAGANO**
**OF WARREN, INC.**, jointly & severally,

Defendants.

/

| | |
|---|---|
| **MILLER COHEN, P.L.C.**<br>Bruce A. Miller (P17746)<br>Keith Flynn (P74192)<br>*Attorneys for Plaintiffs*<br>7700 Second Avenue, Suite 335<br>Detroit, MI  48202<br>(313) 964-4454 | Kyle R. Riem (P48341)<br>**KYLE R. RIEM,**<br>**ATTORNEY AT LAW, PLC**<br>Attorney for Defendants<br>8137 Embury Road, Unit 1<br>Grand Blanc, MI 48439<br>(810) 694-5678<br>kyle@saboriem.com<br><br>Michael W. Edmunds (P55748)<br>**Gault Davison, PC**<br>Co-Counsel for Defendants<br>8455 S. Saginaw Street, Suite 2<br>Grand Blanc, Michigan 48439<br>(810) 234-3633<br>medmunds@edmundslawoffice.com |

/

## PLAINTIFFS' MOTION FOR PRELIMINARY
## APPROVAL OF PROPOSED SETTLEMENT AGREEMENT

NOW COME Plaintiffs, **CRYSTAL MARTIN, JESSICA JONES, SUZETTE**

**REYNOLDS**, and **RENEE VAN HOOK**, on behalf of themselves and all similarly situated

persons, known or unknown, and Defendants **LINCOR EATERY, INC., SAGANO OF BRIGHTON, INC., SAGANO OF CLARKSTON, INC., SAGANO OF FENTON and SAGANO OF WARREN, INC.**, jointly & severally collectively the "Parties," by and through their respective counsel with their Plaintiffs' Motion for Preliminary Approval of Proposed Settlement Agreement, and for their Joint Motion state as follows:

1.      The individual Plaintiffs filed this Complaint on May 23, 2017 alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq.*, and the Michigan Workforce Opportunity Wage Act (MWOWA), MCL § 408.411 *et seq.* asserting that Defendants utilized an unlawful tip credit and tip pooling scheme. This lawsuit was filed not only on behalf of the individual Plaintiffs themselves, but also on behalf of all similarly situated employees—both current and former—who have worked as servers at Defendants' chain of Japanese restaurants.

2.      The Court conditionally certified the action as a collective action under the FLSA on September 24, 2018. [Dkt. No. 58]

3.      Through stipulated order, the Court certified Plaintiffs' lawsuit as a class action under FED. R. CIV. P. 23(b)(3) on February 25, 2019. [Dkt. No. 74] Specifically, the class included all servers who were employed at any of the five Sagano Restaurants between May 23, 2014 and the deadline to respond to the notice of class action.

4.      Pursuant to the Court's Order, Opt-Out Notification was mailed to all members of the class. Additionally, Plaintiffs were given permission to publish Opt-Out notification in newspapers for those who could not be reached by mail service.

5.      That deadline for individuals to respond was sixty (60) days from the last date of that the newspaper notice was published. [Dkt. No. 86] The last posting was January 26, 2020, which means that the deadline to opt-out was March 26, 2020.

6.      The Parties agreed to mediation before Magistrate Judge Patti and met for the first time in November 2020.   While the Parties were initially unsuccessful after a full day of bargaining, the Parties continued to bargain with the assistance of Judge Patti.   Sum total, the Parties attended settlement conferences about five or six times over the course of a ten-month period and spent many more hours negotiating and discussing resolution in between those conferences.   Eventually, the Parties reached a Proposed Settlement Agreement attached to this Motion.   (*Exhibit 1*) The Proposed Settlement Agreement is contingent on the approval of the Court.

7.      The Settlement Agreement provides for a lump sum payment of $487,500.00 ("Settlement Amount") in exchange for a full release of all claims that could have been raised by Plaintiffs and class members who did not opt out.   If the Court grants this Motion, Plaintiffs' counsel will mail a notice to all class members who did not previously opt out of the class that explains the proposed settlement and the right to object with the date and time for the hearing on the motion and including any additional information required by the Court.   *Exhibit 2* is the proposed notice. If any notice is returned to Plaintiffs' counsel, Plaintiffs' counsel will notify Defendants, and Defendants will check for an updated address.

8.      The Motion for Approval will seek to distribute a third of the Settlement Amount to Plaintiffs' attorneys for attorneys' fees ($162,500).   An additional amount will be paid for all costs and expenses incurred by Plaintiffs' attorneys in litigating this case.   Currently, those costs are $16,797.63.  (*Exhibit 3*)

9.      Additionally, the Motion will seek the distribution of $20,000 to each of the named Plaintiffs given their instrumental participation throughout this case.   Namely, each Individual Plaintiff spent a great deal of time assisting Plaintiffs' counsel in developing the facts of the case,

responding to discovery requests, and making decisions necessary to the successful resolution of the lawsuit. Each Plaintiff was deposed and the documents that they had in their possession were crucial to the case.

10.     The Motion will seek to split the remaining balance equally among the other class members. After checks are issued, Plaintiffs and the class members will have 90 days to cash their checks. After that time, any unclaimed money will be redistributed equally to the Plaintiffs and the class members who cashed their checks.

11.     Under FED. R. CIV. P. 23(e)(1)(B), the Parties are required to provide notice to the class of the proposed settlement and seek approval of the Court to ensure procedural and substantive fairness:

> The court must direct notice in a reasonable manner to all class members who would be bound by the proposal if giving notice is justified by the parties' showing that the court will likely be able to:
> (i)      approve the proposal under Rule 23(e)(2); and
> (ii)     certify the class for purposes of judgment on the proposal.

*Id.*

12.     Pursuant to Rule 23(c)(2)(B), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means."

13.     Like the Opt-Out notification, Class Counsel proposes notice via United States mail, electronic means if available, and newspaper postings. Newspaper notice is an appropriate form of notice for members who cannot be located by regular mail. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 316 (1950). If this Motion is granted, Class Counsel agrees that the newspaper notice will be posted weekly for a four-week period, beginning four weeks after this Order is entered by the Court. *Grace v. City of Detroit,* 145 F.R.D. 413, 416-417 (E.D. Mich.

1992), *Bobbitt v. Acad. of Court Reporting, Inc.,* No. 07-10742, 2009 WL 2413629, at *1 (E.D.

Mich. Aug. 6, 2009)(attached as ***Exhibit 4***).  Class Counsel proposes that class members have sixty

(60) days from the last date of that the newspaper notice was published to object.

14.     Regarding the likelihood that the proposal will be approved, Rule 23(e)(2) provides

that the Court may approve a proposed agreement binding class members on a finding that the

agreement is "fair, reasonable, and adequate after considering whether:"

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
> > (i) the costs, risks, and delay of trial and appeal;
> > (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
> > (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
> > (iv) any agreement required to be identified under Rule 23(e)(3); and
> (D) the proposal treats class members equitably relative to each other.

***Id.***

15.     To conserve judicial resources, there exists an "especially strong" presumption in

favor of voluntary settlements in class actions. ***Ehrheart v. Verizon Wireless***, 609 F.3d 589, 594-

95 (3d Cir. 2010).

16.     The Sixth Court uses the following factors to determine whether to approve such a

settlement: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the

litigation; (3) the amount of discovery engaged in by the parties, (4) the likelihood of success on

the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent

class members; and (7) the public interest. ***UAW v. Gen. Motors Corp.***, 497 F.3d 615, 631 (6th

Cir. 2007)).

17.     The parties spent months negotiating the Proposed Settlement Agreement.  After

several settlement conferences before Magistrate Judge Patti, the Parties eventually reached

agreement. "The participation of an independent mediator in settlement negotiations virtually insures that the negotiations were conducted at arm's length and without collusion between the parties." *Mullins v. Data Mngt. Co.*, No. 20-CV-214; 2021 BL 251534, at *6 (S.D. Ohio June 21, 2021)(attached as *Exhibit 5*).

18.     In regards to the proposed payments to the named class representatives, the Sixth Circuit has long recognized incentive payments to class representatives as being appropriate where there is a common fund, i.e., a lump sum fund for the benefit of persons other than the litigants. *Hadix v. Johnson*, 322 F.3d 895, 897-98 (6th Cir. 2003).   The Court has noted that such an award can be "efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class." *Id.*

19.     Furthermore, Plaintiffs' attorneys' fees and reimbursement for advanced litigation costs are reasonable. *Mullins v. Data Mngt. Co.*, No. 20-CV-214; 2021 BL 251534, at *8 (S.D. Ohio June 21, 2021)(attached as *Exhibit 5*). For wage and hour cases, courts in the Sixth Circuit apply the percentage method and have found that one-third is reasonable. *Id.*

20.     As for the complexity, expense, and likely duration, it has been noted by courts that class/collective actions alleging wage and hour violations are inherently complex and time consuming. *Id.* At this time, over four years have passed since this lawsuit was filed. A trial is not currently scheduled.   Given the realities that the judicial system is dealing with over the COVID-19 global pandemic, it is unlikely that this matter will be resolved any time soon barring voluntary resolution. Furthermore, that additional time and preparation would result in a dramatic increase in the expense of the case diminishing the amount that class members could hope to recover.   Finally, one of the most important reasons that parties settle is to avoid the uncertainty of trial.

21.     The Parties have engaged in roughly two years of discovery.  In that time, Plaintiffs issued more than thirty interrogatories and fifty requests to produce.  In sum total, the Parties exchanged over a thousand pages of documents and deposed eleven witnesses, including Defendants' owners, managers, and the four named Plaintiffs.

22.     As for the likelihood of success on the merits, many issues—both legal and factual—remained in dispute, including whether Defendants had violated the notice requirements of the FLSA and MWOWA or otherwise allowed managerial or non-tipped employees to participate in the tip pool.  Additionally, the Parties disputed the scope of damages available if liability was proven.  Depending on how those issues were resolved, class members may have received more or less than what they will receive under the terms of this settlement.

23.     In this case, all of the class representatives approve of the Proposed Settlement Agreement.  Also, Miller Cohen PLC is a plaintiffs-side labor and employment law firm in Detroit, Michigan that represents unions and employees in a broad spectrum of claims, including those brought under the FLSA and MWOWA.  This includes class and collective actions.  Class Counsel believes that the settlement is fair, adequate, and reasonable given the costs and risks associated with proceeding with the litigation.

24.     Reactions from the absent class members have been positive.  None have shared a negative reaction with Class Counsel.  As of today's date, only 14 have opted out of the lawsuit in a class exceeding 100 members.

25.     Again, there is a public interest in the voluntary resolution of class action lawsuits both as a matter of judicial economy, but also to allow the parties finality and to avoid uncertainty.

26.     Given the likelihood that the settlement will be approved. Plaintiff request that a deadline be set for Plaintiffs' Counsel to fie with the Court a Motion for Final Approval of the

7

Settlement and authorize Class Counsel to send out the notice attached to this Motion as Exhibit 2 to members of the class via mail and email (where available), and through newspaper publication within thirty (30) days. Finally, Plaintiffs request that a date be set for a Fairness Hearing on Plaintiffs' Motion for Final Approval of the Settlement Agreement to occur at least forty-five (45) days after the last date of publication of the newspaper notice.

WHEREFORE, and for the reasons stated above, the Plaintiffs request that this Honorable Court grant the Parties' Motion for Preliminary Approval of the Proposed Settlement Agreement and:

(1) Establish a deadline for Plaintiffs' Counsel to file with the Court a Motion for Final Approval of the Settlement;

(2) Schedule a date for the Fairness Hearing on Plaintiffs' Motion for Final Approval of the Settlement to occur after forty-five (45) days of the last date of publication of the newspaper notice;

(3) Approve the Notice of Settlement (attached as **Exhibit 2**) that will be provided to class members who have not opted out of the litigation; and

(4) Authorize Plaintiffs' Counsel to send the Notice of Settlement via mail, email (if known), and publish in newspapers within 30 days of the Order granting Preliminary Approval.

Respectfully Submitted:

By:  */s/Keith D. Flynn*_____
**MILLER COHEN, P.L.C.**
Keith D. Flynn (P74192)
*Attorneys for Plaintiffs*
7700 Second Avenue, Suite 355
Detroit, Michigan 48202
(313) 964-4454
kflynn@millercohen.com

Date: October 22, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

**CRYSTAL MARTIN,**
**JESSICA JONES,**                              Case No: 5:17-cv-11634-JEL-APP

**SUZETTE REYNOLDS,**
**and RENEE VAN HOOK**,                          Hon. Judith E. Levy
                                                        Mag. Judge: Anthony P. Patti

          Plaintiffs,

     v.

**LINCOR EATERY, INC.,**
**SAGANO OF BRIGHTON,  INC.,**
**SAGANO OF CLARKSTON, INC.,**
**SAGANO OF FENTON and SAGANO**
**OF WARREN, INC.**, jointly & severally,

          Defendants.

_____/

**MILLER COHEN, P.L.C.**              Kyle R. Riem (P48341)
Bruce A. Miller (P17746)              **KYLE R. RIEM,**
Keith Flynn (P74192)                  **ATTORNEY AT LAW, PLC**
*Attorneys for Plaintiffs*            Attorney for Defendants
7700 Second Avenue, Suite 335         8137 Embury Road, Unit 1
Detroit, MI  48202                    Grand Blanc, MI 48439
(313) 964-4454                        (810) 694-5678
                                      kyle@saboriem.com

                                      Michael W. Edmunds (P55748)
                                      **Gault Davison, PC**
                                      Co-Counsel for Defendants
                                      8455 S. Saginaw Street, Suite 2
                                      Grand Blanc, Michigan 48439
                                      (810) 234-3633
                                      medmunds@edmundslawoffice.com

_____/

**BRIEF IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF**
**<u>PROPOSED SETTLEMENT AGREEMENT</u>**

NOW COME Plaintiffs, **CRYSTAL MARTIN**, **JESSICA JONES**, **SUZETTE REYNOLDS**, and **RENEE VAN HOOK**, on behalf of themselves and all similarly situated persons, known or unknown, and Defendants **LINCOR EATERY, INC., SAGANO OF BRIGHTON, INC., SAGANO OF CLARKSTON, INC., SAGANO OF FENTON and SAGANO OF WARREN, INC.**, jointly & severally collectively the "Parties," by and through their respective counsel with their Brief in Support of Plaintiffs' Motion Preliminary Approval of Proposed Settlement Agreement, and for their Brief state as follows:

The Parties rely on their Motion in Support of their Brief.

WHEREFORE, and for the reasons stated above, the Plaintiffs request that this Honorable Court grant the Plaintiffs' Motion for Preliminary Approval of the Proposed Settlement Agreement and:

(1) Establish a deadline for Plaintiffs' Counsel to file with the Court a Motion for Final Approval of the Settlement;

(2) Schedule a date for the Fairness Hearing on Plaintiffs' Motion for Final Approval of the Settlement to occur after forty-five (45) days of the last date of publication of the newspaper notice;

(3) Approve the Notice of Settlement (attached as ***Exhibit 2***) that will be provided to class members who have not opted out of the litigation; and

(4) Authorize Plaintiffs' Counsel to send the Notice of Settlement via mail, email (if known), and publish in newspapers within 30 days of the Order granting Preliminary Approval.

Respectfully Submitted:

By:    */s/Keith D. Flynn*_____
       **MILLER COHEN, P.L.C.**
       Keith D. Flynn (P74192)
       *Attorneys for Plaintiff*
       7700 Second Avenue, Suite 355
       Detroit, Michigan 48202
       (313) 964-4454
       kflynn@millercohen.com

Date: October 22, 2021

**CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2021, the foregoing document was electronically filed by using the ECF system, which will send notification of such filing to all parties of record.

Respectfully submitted,

MILLER COHEN PLC

By: */s/ Keith D. Flynn*_____
    Bruce A. Miller (P17746)
    Keith Flynn (P74192)
    *Attorneys for Plaintiffs*
    7700 Second Avenue, Suite 335
    Detroit, MI  48202
    (313) 964-4454