**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION**

**CRYSTAL MARTIN,**
**JESSICA JONES,**

**SUZETTE REYNOLDS,**
**and RENEE VAN HOOK**,

Plaintiffs,

v.

**LINCOR EATERY, INC.,**
**SAGANO OF BRIGHTON, INC.,**
**SAGANO OF CLARKSTON, INC.,**
**SAGANO OF FENTON and SAGANO OF WARREN, INC.**, jointly & severally,

Defendants.

Case No: 5:17-cv-11634-JEL-APP

Hon. Judith E. Levy
Mag. Judge: Anthony P. Patti

____________________________________________/

**MILLER COHEN, P.L.C.**
Bruce A. Miller (P17746)
Keith Flynn (P74192)
Andrea M. Frailey (P82466)
*Attorneys for Plaintiffs*
7700 Second Avenue, Suite 335
Detroit, MI 48202
(313) 964-4454

Kyle R. Riem (P48341)
**KYLE R. RIEM,**
**ATTORNEY AT LAW, PLC**
Attorney for Defendants
8137 Embury Road, Unit 1
Grand Blanc, MI 48439
(810) 694-5678
kyle@saboriem.com

Michael W. Edmunds (P55748)
**Gault Davison, PC**
Co-Counsel for Defendants
8455 S. Saginaw Street, Suite 2
Grand Blanc, Michigan 48439
(810) 234-3633
medmunds@edmundslawoffice.com

____________________________________________/

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PROPOSED SETTLEMENT AGREEMENT**

NOW COME Plaintiffs, **CRYSTAL MARTIN**, **JESSICA JONES**, **SUZETTE REYNOLDS**, and **RENEE VAN HOOK**, on behalf of themselves and all similarly situated persons, known or unknown, by and through their counsel, Miller Cohen PLC, with their Plaintiffs' Motion for Final Approval of Proposed Settlement Agreement, to request this Court approve the proposed settlement agreement in the above captioned matter. The legal fees in this matter are subject to change, based on ongoing litigation costs.

For the reasons detailed in the attached brief, Plaintiffs request that this Honorable Court grant their Motion for Final Approval of the Proposed Settlement Agreement.

Respectfully Submitted:

By: */s/Keith D. Flynn*
**MILLER COHEN, P.L.C.**
Keith D. Flynn (P74192)
*Attorneys for Plaintiffs*
7700 Second Avenue, Suite 355
Detroit, Michigan 48202
(313) 964-4454
kflynn@millercohen.com

Date: January 20, 2022

# TABLE OF CONTENTS

PAGE(S)

INDEX OF AUTHORITIES .......... ii-iii

I. BRIEF STATEMENT OF FACTS .......... 2

II. LEGAL STANDARD .......... 4

III. THE AGREEMENT IS FAIR, REASONABLE, AND ADEQUATE .......... 5

A. The "Likelihood of success on the merits" factor weight sin favor of approval. .......... 5

B. The Agreement treats class members equitably relative to each other. .......... 6

C. The proposed award of attorney's fees is fair, reasonable, and adequate. .......... 7

D. The relief provided in the Agreement is adequate. .......... 8

E. The class representatives and class counsel have adequately represented class. .......... 9

F. The Agreement is the result of an arm's length negotiation and there is no evidence of collusion or fraud. .......... 10

G. The substantial discovery conducted in this matter weights in factor of approval .......... 11

H. Opinion of class counsel and class representatives and reaction of absent class members .......... 11

I. Public Interest .......... 12

IV. CONCLUSION .......... 13

# INDEX OF AUTHORITIES

**PAGE(S)**

*In re Cardizem CD Antitrust Litig.*,
2018 F.R.D. 508, 530 (E.D. Mich. 2003) .......... 12

*In re Flint Water Cases*, No. 5:16-CV-10444,
2021 U.S. Dist. LEXIS at *96 .......... 12

*In re Flint Water Cases*, No. 5:16-CV-10444,
2021 U.S. Dist. LEXIS at *98 .......... 12

*In re Flint Wter Cases*, No. 5:16-CV-10444,
2021 U.S. Dist. LEXIS 219356 at *99 (E.D. Mich., Nov. 10, 2021) .......... 9 &12

*In re Flint Water Cases*,
2021 U.S. Dist. LEXIS at *104 .......... 11

*In re Flint Water Cases*,
2021 U.S. Dist. LEXIS at *105 .......... 11

*In re Flint Water Cases*,
2021 U.S. Dist. LEXIS at *106 .......... 12

*Doe v. Déjà vu Consulting, Inc.*,
925 F.3d 886, 894 (6th Cir. 2019) .......... 9

*Ehrheart v. Verizon Wireless*,
609 F.3d 589, 594-95 (3rd Cir. 2010) .......... 9, 13

*Hadix v. Johnson*,
322 F.3d 895, 897-98 (6th Cir. 2003) .......... 12

*UAW v. Gen. Motors Corp.*,
497 F.3d 615, 631 (6th Cir. 2007) .......... 9

**INDEX OF AUTHORITIES CONTINUED**

**PAGE(s)**

*Mullins v. Data Mngt. Co.*,
No. 1:20-CV-214; 2021 U.S. Dist. LEXIS 124891, at *13
(S.D. Ohio, Jun. 21, 2021) ....................7, 15

**OTHER AUTHORITIES**

Fair Labor Standards Act (FLSA), 29 U.S.C. § 201....................5

Michigan Workforce Opportunity Wage Act (MWOWA), MCL § 408.411............5

**OTHER AUTHORTIES CONTINUED**

Fed. R. Civ. P Rule 23 (e)(2)(C)....................9

Fed. R. Civ. P Rule 23(e)(2)(A)....................9

Fed. R. Civ. P Rule 23(e)(3) ....................4

Fed. R. Civ. P Rule(e)(2)(b)....................2, 10

Fed. R. Civ. P 24(b)(3)....................2

Fed. R. Civ. P. 23(b)(3)....................8

Fed. R. Civ. P 23(e)(2)....................2 &4

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**CRYSTAL MARTIN,**
**JESSICA JONES,**

**SUZETTE REYNOLDS,**
**and RENEE VAN HOOK,**

Plaintiffs,

v.

**LINCOR EATERY, INC., SAGANO OF BRIGHTON, INC., SAGANO OF CLARKSTON, INC., SAGANO OF FENTON and SAGANO OF WARREN, INC.**, jointly & severally,

Defendants.

Case No: 5:17-cv-11634-JEL-APP

Hon. Judith E. Levy
Mag. Judge: Anthony P. Patti

______________________________________________________________________/

**MILLER COHEN, P.L.C.**
Bruce A. Miller (P17746)
Keith Flynn (P74192)
Andrea M. Frailey (P82466)
*Attorneys for Plaintiffs*
7700 Second Avenue, Suite 335
Detroit, MI 48202
(313) 964-4454

Kyle R. Riem (P48341)
**KYLE R. RIEM,**
**ATTORNEY AT LAW, PLC**
Attorney for Defendants
8137 Embury Road, Unit 1
Grand Blanc, MI 48439
(810) 694-5678
kyle@saboriem.com

Michael W. Edmunds (P55748)
**Gault Davison, PC**
Co-Counsel for Defendants
8455 S. Saginaw Street, Suite 2
Grand Blanc, Michigan 48439
(810) 234-3633
medmunds@edmundslawoffice.com

______________________________________________________________/

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PROPOSED SETTLEMENT AGREEMENT**

As the Court is aware, the parties have litigated the present action for over four years. Now, having finally reached an agreement, Plaintiffs request this Court grant their Motion for Final Approval of Proposed Settlement Agreement and allow the parties the finality to move forward with their lives.

## I. BRIEF STATEMENT OF FACTS

The Individual Plaintiffs filed this Complaint on May 23, 2017, alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and the Michigan Workforce Opportunity Wage Act (MWOWA), MCL § 408.411 *et seq.*, asserting that Defendants utilized an unlawful tip credit and tip pooling scheme. This lawsuit was filed not only on behalf of the individual Plaintiffs themselves, but also on behalf of all similarly situated employees – both current and former – who have worked as servers at Defendants' chain of Japanese restaurants.

The Court conditionally certified the action as a collective action under the FLSA on September 24, 2018. [Dkt. No. 58.] Through stipulated order, the Court

certified Plaintiffs' lawsuit as a class action under Fed. R. Civ. P. 23(b)(3) on February 25, 2019. [Dkt. No. 74.] Specifically, the class included all servers who were employed at any of the five Sagano Restaurants between May 23, 2014.

Pursuant to the Court's Order, Opt-Out Notification was mailed to all members of the class. Additionally, Plaintiffs were given permission to publish Opt-Out notification in newspapers for those who could not be reached by mail service. Individuals had to opt-out by March 26, 2020 – sixty days from the final date of publication of the newspaper notice. [*See* Dkt. No. 86.]

After several settlement conferences spanning a ten-month period, the parties reached a Proposed Settlement Agreement (**Ex. 1, Proposed Settlement Agreement**) ("Agreement"). Plaintiffs now request the Court approve said agreement. The Agreement provides for a lump sum payment of $487,500.00 ("Settlement Amount") in exchange for a full release of all claims that could have been raised by Plaintiffs and class members who did not opt out.

If the Court grants this Motion, a third of the Settlement Amount will be distributed to Plaintiffs' attorneys for attorneys' fees ($162,500). An additional amount will be paid for all costs and expenses incurred by Plaintiffs' attorneys in litigating this case. Currently, those costs are $16,797.63. (**Ex. 2, Miller Cohen, PLC Slip List**). Additionally, $20,000 of the Settlement Amount will be distributed to each of the named Plaintiffs given their instrumental participation throughout this

case. The remaining balance of the Settlement Amount will be split equally among the other class members. After checks are issued, Plaintiffs and the class members will have 90 days to cash their checks. After that time, any unclaimed money will be redistributed equally to the Plaintiffs and the class members who cashed their checks.

## II. LEGAL STANDARD

When determining whether to approve a proposed settlement in a class action, the Court must determine if the proposed agreement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). In doing so, the Court considers whether:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
>> (i) the costs, risks, and delay of trial and appeal;
>> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>> (iv) any agreement required to be identified under Rule 23(e)(3); and
>
> (D) the proposal treats class members equitably relative to each other.

*Id*. To conserve judicial resources, there exists an "especially strong" presumption in favor of voluntary settlements in class actions. *Ehrheart v. Verizon Wireless*, 609 F.3d 589, 594-95 (3rd Cir. 2010). The Sixth Circuit uses the following factors to determine whether to approve such a settlement; (1) the risk of fraud of collusion;

(2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest. *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007). Of these factors, the most important is the probability of success on the merits. *Doe v. Déjà vu Consulting, Inc.*, 925 F.3d 886, 894 (6th Cir. 2019).

## III. THE AGREEMENT IS FAIR, REASONABLE, AND ADEQUATE

### A. The "likelihood of success on the merits" factor weighs in favor of approval.

In evaluating the fairness of a proposed settlement, the Court must weigh "the plaintiffs' likelihood of success on the merits against the amount and form of relief offered in the settlement." *Doe*, 925 F.3d at 895. In other words, the Court must "analyze whether the claims that the unnamed class members are giving up are worth the benefit they may receive." *Id.*

In the present matter, the class members allege damages of $1 million. However, counsel for Defendant previously shared that it would cost Defendant $300,000 to go through bankruptcy and discharge any debt to the class members. Additionally, many issues – both legal and factual – remain in dispute, including whether Defendants violated the notice requirements of the FLSA and MWOWA or otherwise allowed managerial or non-tipped employees to participate in the tip pool.

The parties further dispute the scope of damages available if liability was proven. Depending on how these issues were resolved, class members may have received more or less than what they will receive under the terms of the Agreement.

Further, courts have noted that class/collective actions alleging wage and hour violations are inherently complex and time consuming. *Mullins v. Data Mngt. Co.*, No. 1:20-CV-214; 2021 U.S. Dist. LEXIS 124891, at *13 (S.D. Ohio, Jun. 21, 2021) (attached as **Ex. 4, Unpublished Cases**). At the time of filing this motion, more than four years have passed since this lawsuit was filed. A trial is not currently scheduled, and, given the realities that the judicial system is dealing with over the COVID-19 global pandemic, it is unlikely that this matter will be resolved any time soon barring voluntary resolution. Furthermore, that additional time and preparation would result in a dramatic increase in the expense of the case diminishing the amount that class members could hope to recover.

The uncertainty of trial, coupled with the very real possibility of bankruptcy on the part of Defendant, shows that the amount the unnamed class members will receive from the Agreement is worth the claims they are giving up. The "likelihood of success on the merits" factor therefore weighs in favor of approving the Agreement.

**B. The Agreement treats class members equitably relative to each other.**

The Sixth Circuit has long recognized incentive payments to class representatives as being appropriate where there is a common fund, i.e., a lump sum fund for the benefit of persons other than the litigants. *Hadix v. Johnson*, 322 F.3d 895, 897-98 (6th Cir. 2003). The Sixth Circuit notes that such an award can encourage members of a class to become class representatives and reward "individual efforts taken on behalf of the class." *Id.*

In the present matter, each Individual Plaintiff spent a great deal of time assisting Plaintiffs' counsel in developing the facts of the case, responding to discovery requests, and making decisions necessary to the successful resolution of the lawsuit. The documents provided by the individual Plaintiffs were crucial to the case. Further, each individual Plaintiff was deposed – a time consuming task that also required significant mental and emotional energy. As such, the proposed payments to the named class representatives in this matter are fair and reasonable.

As for the remaining class members, the Agreement provides for equal payments from the common fund to the unnamed class members. Since these payments are equal, the Agreement treats the members equitably relative to each other and this factor weighs in favor of approval.

**C. The proposed award of attorney's fees is fair, reasonable, and adequate.**

The attorneys' fees award and reimbursement for advanced litigation costs in the Agreement are reasonable. For wage and hour cases, courts in the Sixth Circuit apply the percentage method and have found that one-third is reasonable. *Mullins,* 2021 U.S. Dist. LEXIS at *16-17.

At the date of filing, Class Counsel has spent over 770 hours working on this case. **(Ex. 3, Declaration of Keith Flynn, at Attachment 1.)** When calculated at Class Counsel's hourly rate of $275/hour, Class Counsel's fee equates to $211,750 for 770 hours of work. As the Agreement provides for $162,500 in attorneys' fees, such an award is reasonable in light of the amount of time Class Counsel spent on the matter.

Further, the FLSA is a complex and extensive statute and the present case required better than average legal skills including briefing on substantive motions. Additionally, Class Counsel works for a well-renowned labor and employment law firm in Detroit representing numerous employee and labor unions in active litigation, and had they not been working on the present matter, Class Counsel would have spent that time on other clients. **(Ex. 3, Declaration of Keith Flynn, at ¶ 5.)**

Therefore, the attorneys' fees award in the present matter is reasonable and this factor weighs in favor of approval.

**D. The relief provided in the Agreement is adequate.**

The sub-factors in Rule(e)(2)(C) overlap with the *UAW* factor of "complexity, expense, and likely duration of the litigation" and will therefore be discussed together.

The first sub-factor – "the costs, risks, and delay of trial and appeal" – as well as the *UAW* factor of "complexity, expense, and likely duration of the litigation" weigh in favor of approval for the reasons discussed in Section III. A., *supra.*

The second sub-factor – "the effectiveness of any proposed method of distributing relief to the class" – weighs in favor of a finding that the relief is adequate because every class member who did not opt out will receive a check for their equal portion of the Settlement Amount. As this division is based on objective, not subjective, criteria, it is fair. *In re Flint Water Cases*, No. 5:16-CV-10444, 2021 U.S. Dist. LEXIS 219356 at *99 (E.D. Mich., Nov. 10, 2021) ("The use of objective criteria to determine settlement distribution is a hallmark of fairness.") (attached as **Ex. 4, Unpublished Cases**). Further, the Agreement sets forth a procedure for distributing any funds remaining after class members receive their checks, which is based on objective criteria.

The third sub-factor – "the terms of any proposed award of attorney's fees" – is discussed separately in Section III. C., *supra*, and weighs in favor approval.

Finally, the fourth sub-factor – "any agreement required to be identified under Rule 23(e)(3)" – is discussed separately in Section III. D., *supra*, and weighs in favor of approval.

In sum, all four sub-factors of Rule 23(e)(2)(C) weigh in favor of a finding that the relief in the Agreement is adequate.

**E. The class representatives and class counsel have adequately represented the class.**

When determining whether the class representatives and class counsel have adequately represented the class, as required by Rule 23(e)(2)(A), "the Class Plaintiffs' briefs, and the Court's finding of adequate representation by class representatives and class counsel … in the Preliminary Approval Order" are useful context. *In re Flint Water Cases*, 2021 U.S. Dist. LEXIS at *96. As this Court previously granted Plaintiffs' Motion for Preliminary Approval of the Proposed Settlement Agreement, this factor weighs in favor of approval.

**F. The Agreement is the result of an arm's length negotiation and there is no evidence of collusion or fraud.**

Both Rule 23(e)(2)(b) and the *UAW* factors require the Court to determine whether the Agreement resulted from an arm's length negotiation with no evidence of fraud of collusion. The parties spent months negotiating the Agreement and after several settlement conferences before Magistrate Judge Patti, the Parties eventually reached agreement. As parties used a third-party mediator, the Agreement is a result

of an arm's length negotiation. *See In re Flint Water Cases*, 2021 U.S. Dist. LEXIS at *98 ("[T]here appears to be no better evidence of [a truly adversarial bargaining [process] than the presence of a neutral third party mediator[.]") *quoting* Albert Conte & Herbert Newberg, Newberg on Class Actions § 13.48 (5th ed. June 2021 update) (modifications in original). Further, "[c]ourts presume the absence of fraud of collusion unless there is evidence to the contrary." *Id*. at *97. Since there is no evidence of fraud or collusion in the present matter, this factor weighs in favor of approval.

**G. The substantial discovery conducted in this matter weighs in favor of approval.**

In evaluating the fairness of a settlement agreement, *UAW* requires the Court consider "the amount of discovery engaged in by the parties." *UAW*, 497 F.3d at 631. Formal discovery is often essential to class counsel developing the merits of their case. *In re Flint Water Cases*, 2021 U.S. Dist. LEXIS at *104.

Here, the parties have engaged in roughly two years of discovery. In that time, Plaintiffs issued more than thirty interrogatories and fifty requests to produce. In sum, the parties exchanged over a thousand pages of documents and deposed eleven witnesses, including Defendants' owners, managers, and the four named Plaintiffs. Such substantial discovery has allowed class counsel to develop their case, therefore, this factor weighs in favor of granting final approval.

**H. Opinions of class counsel and class representatives and reaction of absent class members**

Next, *UAW* instructs Courts to looking to "the opinions of class counsel and class representatives" in determining the fairness of a proposed settlement. *UAW*, 497 F.3d at 631. "The judgment of the parties' counsel that the settlement is in the best interest of the settling parties is entitled to significant weight, and supports the fairness of the class settlement." *In re Flint Water Cases*, 2021 U.S. Dist. LEXIS at *105 (citations omitted).

In this case, all the class representatives approve of the Agreement. Also, Miller Cohen PLC is a plaintiffs-side labor and employment law firm in Detroit, Michigan that represents unions and employees in a broad spectrum of claims, including those brought under the FLSA and MWOWA. This includes class and collective actions. Class Counsel believes that the settlement is fair, adequate, and reasonable given the costs and risks associated with proceedings with the litigations.

Further, reactions from the absent class members have been positive. None have shared a negative reaction with Class Counsel. As "courts often cite to the absence of opt-outs as evidence in support of settlement approval" the fact that, as of the date of filing, only 14 have opted out of the lawsuit in a class exceeding 100 members weighs in favor of approval. *See In re Flint Water Cases*, 2021 U.S. Dist. LEXIS at *106 (citations omitted).

This factor therefore weighs in favor of approval.

### I. Public Interest

In general, there is a public interest in the voluntary resolution of class action lawsuits both as a matter of judicial economy and to allow the parties to avoid the uncertainty and expense of further litigation. *See In re Cardizem CD Antitrust Litig.*, 2018 F.R.D. 508, 530 (E.D. Mich. 2003) ("[T]here is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources."). Further, there is a public interest in allowing parties to have finality regarding the issues raised in this matter and providing relief to class members who have been waiting for relief for over four years.

## IV. CONCLUSION

The class members in this matter have been waiting for relief for over four years. After months of negotiations, those class members have reached an agreement with Defendant that will not only provide them with adequate relief for their claims but will allow them to move on from this litigation. As such, and for the reasons detailed above, the Plaintiffs request that this Honorable Court grant the Plaintiffs' Motion for Final Approval of the Proposed Settlement Agreement.

[THIS SPACE INTENTIONALLY LEFT BLANK]

        Respectfully Submitted:

By: */s/Keith D. Flynn*
**MILLER COHEN, P.L.C.**
Keith D. Flynn (P74192)
*Attorneys for Plaintiff*
7700 Second Avenue, Suite 355
Detroit, Michigan 48202
(313) 964-4454
kflynn@millercohen.com

Date: January 20, 2022

**CERTIFICATE OF SERVICE**

I hereby certify that on January 20, 2022, the foregoing document was electronically filed by using the ECF system, which will send notification of such filing to all parties of record.

Respectfully submitted,

MILLER COHEN PLC

By: */s/ Keith D. Flynn*
Bruce A. Miller (P17746)
Keith Flynn (P74192)
*Attorneys for Plaintiffs*
7700 Second Avenue, Suite 335
Detroit, MI 48202
(313) 964-4454